UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN W. MUNSON,

    Plaintiff,

v.                              Case No. 4:20cv179-WS-HTC

SUSAN TRUEBLOOD, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before Court on Plaintiff's first amended complaint (ECF Doc. 5) and failure to pay his full filing fee. For the reasons set forth below, the undersigned recommends this matter be DISMISSED for failure to state a claim and for failure to comply with an order of the Court.

Plaintiff is a pretrial detainee of the Leon County Sheriff's Office, currently detained at Florida State Hospital after a determination that Plaintiff was not competent to stand trial.[1] *See State v. Munson*, 2019-CF-3015. Proceeding *pro se*, Plaintiff initiated this action by filing a complaint (ECF Doc. 1) under 42 U.S.C. §

---

[1] *See e.g., Cooper v. Law Library Supervisor*, 2016 WL 7173890, at *1 (N.D. Fla. Oct. 12, 2016) (finding that an inmate held in Florida State Hospital because he was incompetent to proceed was a pretrial detainee), *report and recommendation adopted*, 2016 WL 7175620 (N.D. Fla. Dec. 7, 2016).

1983 and a motion to proceed *in forma pauperis* (ECF Doc. 2). The Court denied Plaintiff's motion to proceed *in forma pauperis* because Plaintiff's financial disclosures showed that he had sufficient funds to pay the full filing fee. ECF Doc. 4. Thus, the Court ordered Plaintiff to submit the full $400.00 filing fee by May 18, 2020. *Id.* Plaintiff, however, did not do so. Plaintiff's failure to pay the filing fee, alone, warrants a dismissal of this action.[2]

Additionally, the Court screened the initial complaint and determined that it failed to state a claim for relief against the Defendants for several reasons, including that the allegations were largely illegible and, from what the undersigned could discern, related to an ongoing state court matter. ECF Doc. 4. Specifically, the Court advised Plaintiff that his claims were barred by the *Younger* abstention doctrine[3] and *Heck v. Humprey*.[4] Because Plaintiff is proceeding *pro se*, the undersigned allowed him an opportunity to file an amended complaint if he could do so in good faith. *Id.*

---

[2] Attached to Plaintiff's amended complaint is a handwritten letter to a "case worker" regarding his Walmart debit card held while he is in the Hospital. In this letter, Plaintiff appears to be requesting a statement indicating that he cannot access his bank account while he is in the Hospital. While Plaintiff may be relying on this letter for an extension of time to pay the fee or an exception from doing so, this letter is not sufficient evidence of an inability to pay. Regardless, for the reasons set forth herein, even if Plaintiff had paid the filing fee, the amended complaint would nonetheless be subject to dismissal.

[3] *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971) (noting a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances).

[4] *Heck v. Humphrey*, 512 U.S. 477 (1994) (barring a plaintiff from collaterally attacking a state court conviction and later imprisonment unless the plaintiff had the conviction overturned).

Case No. 4:20cv179-WS-HTC

Although he did not pay the filing fee, Plaintiff did file an amended complaint. The undersigned has screened the amended complaint under 28 U.S.C. § 1915A and finds it should be dismissed for failing to meet even the very basic pleading requirements set forth in Federal Rule of Civil Procedure 8.[5]

As an initial matter, in the undersigned's prior amend order, the undersigned specifically advised Plaintiff that his initial complaint was largely illegible and that his "amended complaint **must be** type-written or handwritten in more legible form." ECF Doc. 4 at 3-4. Plaintiff, however, ignored this directive because Plaintiff's amended complaint, like the original complaint, is largely illegible. "A pleading that is illegible cannot provide the Defendant, or the Court, notice of the claims being presented." *Williams v. Barnwell Cty.*, 2008 WL 4791430, at *2 (D. S.C. Oct. 27, 2008). Plaintiff's illegible amended complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 551 U.S. 89, 93 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, the amended complaint should be dismissed. *See Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of amended complaint which was "illegible or incomprehensible").

---

[5] Because Plaintiff is a prisoner seeking relief from governmental employees, the Court has an obligation to review the complaint and dismiss it, or any portion of it, if the Court determines it is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Additionally, from what the undersigned can discern, the amended complaint fails to state a claim for relief. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed.R.Civ.P. 8(e)(1). As the Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's amended complaint falls woefully short of those pleading requirements. As set forth below, the factual allegations set forth in the amended complaint are nothing more than a random listing of a hodgepodge of various matters, which are not tied to any individual, or any of the Defendants for that matter. Indeed, the allegations, even when read liberally and in Plaintiff's favor, simply do not establish a constitutional violation or come anywhere near doing so. In short, the undersigned can discern nothing in the amended complaint that qualifies as a short and plain statement of a federal claim.

Plaintiff sues four (4) defendants: Susan Trueblood, FSH Administrator; Chad Poppell, Secretary for the Department of Children and Families; Walt McNeil, Leon County Sheriff; and Melanie Ethridge, Q Supervisor at FSH. ECF Doc. 5 at 1, 2. The amended complaint, however, contains absolutely no facts of wrongdoing

against any of the Defendants.  Indeed, other than being named, Plaintiff does not reference the Defendants anywhere in his statement of facts or claims.

The following facts are taken from the amended complaint:

On September 2, 2019, a Leon County Deputy used excessive force to arrest Munson at a Starbucks in Tallahassee, FL.  Plaintiff does not provide any other facts regarding this alleged use of excessive force.  He does not, for example, identify the officers at issue, the type of force used, or how it was excessive.  He further does not allege any physical injuries resulting from the force.  Thus, Plaintiff has not stated a claim for excessive force.  *See e.g., Fennell v. Gilstrap,* 559 F.3d 1212, 1217 (11th Cir. 2009) (use of force may be necessary and is not excessive it if is applied "in a good-faith effort to maintain or restore discipline") (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

Plaintiff alleges the arrest was unlawful because the "probable cause document" states that Munson had two (2) previous trespass incidents at Starbucks, which he contends is untrue.  ECF Doc. 5 at 5.  Although Plaintiff alleges the statements are untrue, he does not dispute that they were sufficient to provide probable cause, identify who made the statements, or allege that the officials who relied on the statements knew they were untrue.  Thus, Plaintiff has not stated a claim for false arrest.  *See United States v. Saunders*, 476 F.2d 5, 7 (5th Cir. 1973) ("[w]hen an officer makes an arrest, which is properly supported by probable cause to arrest

for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest").

Plaintiff also claims he has political immunity because he is a Maltese citizen by birth. Plaintiff alleges jail staff laughed at his "request to contact the Malta Embassy" and refused "to allow [him] to attend a court appearance on October 15, 2019." ECF Doc. 5 at 5. He does not identify the staff members or state when these incidents occurred. Regardless, these incidents, alone, do not show that any constitutional violation was committed.

Plaintiff alleges that Florida State Hospital refused to release his glasses to him to read and write. He then alleges that he has had no access to the Leon County Jail law library. Once again, he does not identify any particular individual responsible for this conduct or when it occurred. With regard to his alleged lack of access to the library, he does not state how he has been harmed.

Randomly, Plaintiff also alleges the following:

- he has filed about 100 grievances;
- "C.O. Massey stole all 106 documents [he] had in" his cell;
- the librarian does not know how to search Westlaw;
- he has not received any medical attention for a tumor on his thyroid gland;

Case No. 4:20cv179-WS-HTC

- there are about 210 inmates per staff member;

- none of the medical personnel at Florida State Hospital are licensed psychologists;

- Florida State Hospital is not an accredited hospital;

- four (4) public defenders have been appointed for him without his knowledge;

- he cannot take the competency test to go back to his state court proceeding;

- the state court did not provide him with his mandatory "hearing on the issues"; and

- from September 2, 2019 to February 3, 2020 there were "245 incidents of cruel and unusual punishment for a pretrial detainee including turning off cell water for 3 days on Nov 1, 2019."

*Id.* at 5-6. These allegations fail to show that Defendants engaged in any constitutional violation or that Plaintiff has suffered any injuries. Moreover, Plaintiff's complaints regarding the state court proceedings should be addressed in those pending proceedings. *See Younger*, 401 U.S. at 44.

Plaintiff claims he has incurred a loss of liberty and has been falsely imprisoned. He contends he "suffered great of $10,000,000." ECF Doc. 5 at 11. As relief, Plaintiff seeks removal of this case to federal court, deportation to Malta, and unspecified damages. At the bottom of his amended complaint, Plaintiff attaches several random documents, including a document to an attorney, and a document titled "ex parte notice of and motion" that states "plaintiff is seventy-six years old

and a delay could result in death." *Id.* at 12. These documents do not support any constitutional claim against any of the named Defendants. Moreover, the types of relief Plaintiff seeks are nonsensical. This case is already pending in federal court and the Court has no basis to order Plaintiff's deportation.

Accordingly, Plaintiff's amended complaint should be dismissed because it is illegible and, where legible, fails to meet the basic pleading requirements set forth in Federal Rule of Civil Procedure 8. *See Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, No. 19-7709, 2020 WL 1978972 (U.S. Apr. 27, 2020) (affirming dismissal of amended complaint as an impermissible shotgun pleading). Moreover, because the Court has already given Plaintiff an opportunity to more carefully craft his complaint and his attempt at doing so is even more deficient than the original complaint, dismissal without further leave to amend is warranted. *See id.* (finding dismissal without leave to amend was not an abuse of discretion where plaintiff was put on notice that his "pleadings were infirm" after the magistrate judge struck his original complaint for failure to comply with Rules 8 and 10).

Accordingly, it is respectfully RECOMMENDED that:

1. This action be DISMISSED without prejudice under 28 U.S.C. § 1915A for failure to state a claim and, also, for failure to follow a Court Order.

2. The clerk be directed to close the file.

Done in Pensacola, Florida this 9th day of June, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:20cv179-WS-HTC